UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:17-cr-34-MOC-WCM-2

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| MARK BRYAN KAPING, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** comes before the Court on Defendant's Motion for Compassionate Release/Reduction of Sentence. (Doc. No. 79). Defendant, an inmate at FCI Butner in Butner, North Carolina, seeks a reduction of his sentence based on the COVID-19 pandemic.

Title 18, Section 3582(c)(1)(A)(i) authorizes criminal defendants to request compassionate release from imprisonment based on "extraordinary and compelling reasons." But before doing so, they must at least ask the Bureau of Prisons to do so on their behalf and give the Bureau thirty days to respond. See United States v. Raia, No. 20-1033, 2020 WL 1647922, at *1 (3d Cir. Apr. 2, 2020). Here, Defendant concedes that he has not provided the BOP with thirty days to evaluate his compassionate release request before filing his motions in this Court, and he asks for this Court to waive the administrative remedy requirement. The Court declines to do so, as the BOP is best positioned to determine the proper treatment of the inmate population as a whole, considering both individual considerations in light of an inmate's background and medical history and more general considerations regarding the conditions and needs at particular facilities. Moreover, the Court notes that Defendant has not identified any health conditions that would place him on a heightened risk of contracting COVID-19.

In sum, because Defendant has not exhausted available administrative remedies, the Court denies Defendant's motion.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's Motion for Compassionate Release/Reduction of Sentence, (Doc. No. 79), is **DENIED**, without prejudice to Defendant to refile the motion after he has exhausted his remedies with the BOP.

Signed: June 16, 2020

Max O. Cogburn Jr.
United States District Judge