# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:17-cr-34-MOC-WCM-2

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| vs. | ) |  |
|  | ) | **ORDER** |
| MARK BRYAN KAPING, | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |

**THIS MATTER** comes before the Court on Defendant's pro se Motion for Reconsideration re: Order on Motion to Reduce Sentence. (Doc. No. 81).

Title 18, Section 3582(c)(1)(A)(i) authorizes criminal defendants to request compassionate release from imprisonment based on "extraordinary and compelling reasons." But before doing so, they must ask the Bureau of Prisons to do so on their behalf and give the BOP thirty days to respond. See United States v. Raia, No. 20-1033, 2020 WL 1647922, at *1 (3d Cir. Apr. 2, 2020). Defendant filed a prior motion for compassionate release with the Court, and the Court denied it for failure to first seek administrative relief from the BOP. Defendant now brings the pending motion for reconsideration, arguing that the BOP is impeding his right to proceed through the administrative process. While the Court is sympathetic to Defendant's frustration, his attached exhibits indicate that he may have used an incorrect procedure in submitting the request in the first instance. The Court, therefore, denies Defendant's motion for reconsideration at this time so he may submit another request to the BOP. If the BOP refuses to respond to Defendant's compassionate release requests, Defendant should then file a petition under 28 U.S.C. § 2241 in his district of confinement, bringing his claim that the BOP is impeding his right to proceed administratively. In sum, the Court denies Defendant's motion.

1

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's pro se Motion for Reconsideration re: Order on Motion to Reduce Sentence, (Doc. No. 81), is **DENIED** without prejudice.

Signed: July 9, 2020

Max O. Cogburn Jr
United States District Judge